UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY ROBERT KUNGU MUTHEE,<br>Petitioner,<br>v.<br>BRUCE SCOTT, *et al.*,<br>Respondents. | Case No. C26-4196-MLP<br>ORDER |

On October 30, 2026, Petitioner Stanley Robert Kungu Muthee, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention without a pre-deprivation hearing as violating his due process rights and seeking immediate release. (Dkt. # 1.)

Petitioner has now filed a letter with the Court reporting that, on November 6, 2026, an immigration judge held a bond hearing, determined that Petitioner was not a danger or flight risk, and ordered him released on $6,500 bond. (Dkt. # 5 at 2.) Petitioner's family paid the bond and he was released that day. (*Id.*) Petitioner was required to wear an ankle monitor, however, which he contends is an unconstitutional restraint on his liberty. (*Id.* at 2, 5.)

As Petitioner appears to acknowledge, his habeas petition has been rendered moot because he has been afforded the relief sought, namely release.[1] (*See* dkt. # 5 at 5 (proposing filing an amended petition to present new claim).) Claims related to the ankle monitor may be raised in a new habeas petition. *See Velasquez O. v. ICE Field Off.*, 2026 WL 1834287, at *1 (W.D. Wash. June 25, 2026) ("new claims . . . must be brought in another habeas petition").

Accordingly, the Court DISMISSES the petition (dkt. # 1) as moot. The Clerk is directed to close this case.

Dated this 16th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

[1] While the petition also requested an injunction limiting future redetention, it provided no argument in support and did not develop a factual record to support finding Petitioner faced a risk of future redetention. (*See* dkt. # 1 at 20.)